| | | |
|---|---|---|
| FEROZE DAWSON<br>1022 W. Viking Court<br>Abingdon, Maryland 21109 | * | IN THE |
| | * | CIRCUIT COURT |
| and | * | OF MARYLAND |
| FAROUK DAWSON<br>33230 Joann Lane | * | FOR |
| Fallston, Maryland 21047 | * | BALTIMORE CITY |
| Plaintiff(s) | * | CASE NO.: _____ |
| VS. | * | |
| SANDY OLSON<br>P.O. Box 100 | * | |
| Warroad, MN 56763 | * | |
| and | * | |
| MARVIN WINDOWS OF TENNESSEE, INC.<br>Service On Resident Agent: | * | |
| Greg York<br>101 Marvin Drive | * | |
| Ripley, TN 38063-7365 | * | |
| and | * | |
| KENNETH LUSSIER<br>313 Nelson Road | * | |
| Halls, TN 38040 | * | |
| Defendant(s) | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND ELECTION FOR JURY TRIAL

Now come the Plaintiff(s), **Feroze Dawson and Farouk Dawson**, by and through their attorney, David R. Solomon, Esquire, and sue Sandy Olson, Marvin Windows Of Tennessee, Inc., and Kenneth Lussier, Defendant(s).

## FACTS COMMON TO ALL COUNTS

1. For that on or about the 13th day of August, 2019, the Plaintiff, Feroze Dawson,

was operating his motor vehicle westbound on Pulaski Highway at approximately 2:15p.m. and in which Plaintiff, Farouk Dawson, was riding as a passenger.

2. That at the same date and time, the motor vehicle owned by the Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc., and permissively operated by the Defendant, Kenneth Lussier, was proceeding westbound on Pulaski Highway.

3. That at all relevant times hereto, the individual Defendant, Kenneth Lussier, was acting as the agent, servant and/or employee of the Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc.

4. That at all times relevant hereto, the individual Defendant, Kenneth Lussier, was permissively operating the vehicle owned by Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc.

5. Suddenly and without warning, the motor vehicle permissively operated by the Defendant, Kenneth Lussier, and owned by the Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc., collided with the motor vehicle operated by the Plaintiff, Feroze Dawson, and in which Plaintiff, Farouk Dawson, was riding as a passenger.

6. That said collision occurred at or near the intersection of Pulaski Highway and 62nd Street, both streets being public highways in Baltimore City, Maryland.

## COUNT I
(Feroze Dawson vs. Sandy Olson)

Feroze Dawson, Plaintiff, sues Sandy Olson, Defendant.

7. That the Plaintiff, Feroze Dawson, hereby incorporates by reference herein the allegations contained in paragraphs one (1) through six (6) as if set forth fully herein.

8. That the said collision was caused by and did result from the recklessness, carelessness and negligence of the Defendant, Sandy Olson, acting by and through her agent, servant and/or employee, the Defendant, Kenneth Lussier, and operating the vehicle with permission of Defendant, Sandy Olson, including, but not limited to the following acts or omissions:

2

GB IA Recv 2020080305215

    a.    in failing to keep said motor vehicle under proper control;

    b.    in failing to keep a proper lookout;

    c.    in failing to exercise ordinary care to avoid an accident;

    d.    in failing to yield the right of way to another vehicle;

    e.    in failing to obey a traffic control device;

    f.    in traveling at an excessive rate of speed for the conditions there and then existing; and,

    g.    in failing to use the highest degree of care consistent with its undertaking as a common carrier.

9. And the said Defendants, Sandy Olson and Kenneth Lussier, and each of them, were otherwise reckless, careless and negligent.

10. That at all times relevant hereto the Plaintiff, Feroze Dawson, exercised due care for his/her own safety.

11. That as a result of the collision aforesaid, the Plaintiff's automobile was extensively damaged.

12. That as a result of the collision aforesaid, the said Plaintiff, Feroze Dawson, was thrown forcibly and violently around and about in the said motor vehicle and:

    a.    was thereby caused to sustain serious and permanent injuries to his/her head, neck, body and limbs;

    b.    was and will be caused to suffer great physical pain and mental anguish;

    c.    suffered shock to his/her nerves and nervous system;

    d.    was and will be required to obtain the care and treatment of hospitals and physicians for his/her injuries at considerable expense;

    e.    was and will be unable to engage in his/her occupation for a period of time, thereby losing considerable income; and,

    f.    was and will be unable to engage in those duties, activities and pursuits for which he/she was and is otherwise qualified.

GB IA Recv 2020080305215

13. That as a result of the collision aforesaid the said Plaintiff, Feroze Dawson, was, is and will be otherwise hurt, injured and damaged.

WHEREFORE, this suit is brought and the Plaintiff, Feroze, claims as damages the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

## COUNT II
(Feroze Dawson vs. Marvin Windows Of Tennessee, Inc.)

Feroze Dawson, Plaintiff, sues Marvin Windows Of Tennessee, Inc., Defendant.

14. That the Plaintiff, Feroze Dawson, hereby incorporates by reference herein the allegations contained in paragraphs one (1) through thirteen (13) as if set forth fully herein.

15. That the said collision was caused by and did result from the recklessness, carelessness and negligence of the Defendant, Marvin Windows Of Tennessee, Inc., acting by and through its agent, servant and/or employee, the Defendant, Kenneth Lussier, and operating the vehicle with permission of Defendant, Marvin Windows Of Tennessee, Inc., including, but not limited to the following acts or omissions:

    a.    in failing to keep said motor vehicle under proper control;

    b.    in failing to keep a proper lookout;

    c.    in failing to exercise ordinary care to avoid an accident;

    d.    in failing to yield the right of way to another vehicle;

    e.    in failing to obey a traffic control device;

    f.    in traveling at an excessive rate of speed for the conditions there and then existing; and,

    g.    in failing to use the highest degree of care consistent with its undertaking as a common carrier.

16. And the said Defendants, Marvin Windows Of Tennessee, Inc. and Kenneth Lussier, and each of them, were otherwise reckless, careless and negligent.

GB IA Recv 2020080305215

17. That at all times relevant hereto the Plaintiff, Feroze Dawson, exercised due care for his/her own safety.

18. That as a result of the collision aforesaid, the Plaintiff's automobile was extensively damaged.

19. That as a result of the collision aforesaid, the said Plaintiff, Feroze Dawson, was thrown forcibly and violently around and about in the said motor vehicle and:

  a. was thereby caused to sustain serious and permanent injuries to his/her head, neck, body and limbs;

  b. was and will be caused to suffer great physical pain and mental anguish;

  c. suffered shock to his/her nerves and nervous system;

  d. was and will be required to obtain the care and treatment of hospitals and physicians for his/her injuries at considerable expense;

  e. was and will be unable to engage in his/her occupation for a period of time, thereby losing considerable income; and,

  f. was and will be unable to engage in those duties, activities and pursuits for which he/she was and is otherwise qualified.

20. That as a result of the collision aforesaid the said Plaintiff, Feroze Dawson, was, is and will be otherwise hurt, injured and damaged.

WHEREFORE, this suit is brought and the Plaintiff, Feroze, claims as damages the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

## COUNT III
(Feroze Dawson vs. Kenneth Lussier)

Feroze Dawson, Plaintiff, sues Kenneth Lussier, Defendant.

21. That the Plaintiff, Feroze Dawson, hereby incorporates by reference herein the allegations contained in paragraphs one (1) through twenty (20) as if set forth fully herein.

22. That at all times relevant hereto, the individual Defendant, Kenneth Lussier, was acting as the agent, servant and/or employee of the Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc., and was permissively operating said vehicle.

GB IA Recv 2020080305215

23. That the said collision was caused by and did result from the recklessness and carelessness of the Defendant, Kenneth Lussier, acting as the agent, servant and/or employee of Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc., as well as permissively driving the vehicle belonging to the Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc., including but not limited to the following acts or omissions:

   a. in failing to keep said motor vehicle under proper control;

   b. in failing to keep a proper lookout;

   c. in failing to exercise ordinary care to avoid an accident;

   d. in failing to yield the right of way to another vehicle;

   e. in failing to obey a traffic control device;

   f. in traveling at an excessive rate of speed for the conditions there and then existing; and,

   g. in failing to use the highest degree of care consistent with its undertaking as a common carrier.

24. And the said Defendants, and each of them, were otherwise reckless, careless and negligent.

25. That at all times relevant hereto the Plaintiff, Feroze Dawson, exercised due care for his/her own safety.

26. That as a result of the collision aforesaid, the said Plaintiff, Feroze Dawson, was thrown forcibly and violently around and about in the said motor vehicle and:

   a. was thereby caused to sustain serious and permanent injuries to his/her head, neck, body and limbs;

   b. was and will be caused to suffer great physical pain and mental anguish;

   c. suffered shock to his/her nerves and nervous system;

   d. was and will be required to obtain the care and treatment of hospitals and physicians for his/her injuries at considerable expense;

   e. was and will be unable to engage in his/her occupation for a period of time, thereby losing considerable income; and,

GB IA Recv 2020080305215

    f.  was and will be unable to engage in those duties, activities and pursuits for which he/she was and is otherwise qualified.

27. That as a result of the collision aforesaid, the Plaintiff's automobile was extensively damaged.

28. That as a result of the collision aforesaid the said Plaintiff, Feroze Dawson, was, is and will be otherwise hurt, injured and damaged.

WHEREFORE, this suit is brought and the Plaintiff, Feroze Dawson, claims as damages the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

## COUNT IV
(Farouk Dawson vs. Sandy Olson)

**Farouk Dawson, Plaintiff, sues Sandy Olson, Defendant.**

29. That the Plaintiff, Farouk Dawson, hereby incorporates by reference herein the allegations contained in paragraphs one (1) through twenty-eight (28) as if set forth fully herein.

30. For that on or about the 13th day of August, 2019, the Plaintiff, Farouk Dawson, was riding as a passenger in a vehicle operated by the Plaintiff, Feroze Dawson, traveling westbound on Pulaski Highway at approximately 2:15p.m.

31. That at the same date and time, the motor vehicle owned by the Defendant, Sandy Olson, and permissively operated by the Defendant, Kenneth Lussier, was proceeding westbound on Pulaski Highway.

32. That at all relevant times hereto, the individual Defendant, Kenneth Lussier, was permissively operating the motor vehicle owned by Defendant, Sandy Olson, and was acting as the agent, servant and/or employee of the Defendant, Sandy Olson.

33. That at all times relevant hereto, the individual Defendant, Kenneth Lussier, was permissively operating the vehicle owned by Defendant, Sandy Olson.

34. Suddenly and without warning, the motor vehicle permissively operated by the

7

GB IA Recv 2020080305215

Defendant, Kenneth Lussier, and owned by the Defendant, Sandy Olson, collided with the motor vehicle operated by the Plaintiff, Farouk Dawson, and in which Plaintiff, Farouk Dawson, was riding as a passenger.

35. That said collision occurred at or near the intersection of Pulaski Highway and 62nd Street, both streets being public highways in Baltimore City, Maryland.

36. That the said collision was caused by and did result from the recklessness, carelessness and negligence of the Defendant, Sandy Olson, acting by and through her agent, servant and/or employee, the Defendant, Kenneth Lussier, and having provided permission to the Defendant, Kenneth Lussier, to drive her vehicle to include, but not limited to the following acts or omissions:

    a. in failing to keep said motor vehicle under proper control;

    b. in failing to keep a proper lookout;

    c. in failing to exercise ordinary care to avoid an accident;

    d. in failing to yield the right of way to another vehicle;

    e. in failing to obey a traffic control device;

    f. in traveling at an excessive rate of speed for the conditions there and then existing; and,

    g. in failing to use the highest degree of care consistent with its undertaking as a common carrier.

37. And the said Defendants, Sandy Olson and Kenneth Lussier, and each of them, were otherwise reckless, careless and negligent.

38. That at all times relevant hereto the Plaintiff, Farouk Dawson, exercised due care for his/her own safety.

39. That as a result of the collision aforesaid, the Plaintiff's automobile was extensively damaged.

40. That as a result of the collision aforesaid, the said Plaintiff, Farouk Dawson, was thrown forcibly and violently around and about in the said motor vehicle and:

GB IA Recv 2020080305215

      a.     was thereby caused to sustain serious and permanent injuries to his/her head, neck, body and limbs;

      b.     was and will be caused to suffer great physical pain and mental anguish;

      c.     suffered shock to his/her nerves and nervous system;

      d.     was and will be required to obtain the care and treatment of hospitals and physicians for his/her injuries at considerable expense;

      e.     was and will be unable to engage in his/her occupation for a period of time, thereby losing considerable income; and,

      f.     was and will be unable to engage in those duties, activities and pursuits for which he/she was and is otherwise qualified.

41. That as a result of the collision aforesaid the said Plaintiff, Farouk Dawson, was, is and will be otherwise hurt, injured and damaged.

WHEREFORE, this suit is brought and the Plaintiff, Farouk Dawson, claims as damages the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

## COUNT V
(Farouk Dawson vs. Marvin Windows Of Tennessee, Inc.)

Farouk Dawson, Plaintiff, sues Marvin Windows Of Tennessee, Inc., Defendant.

42. That the Plaintiff, Farouk Dawson, hereby incorporates by reference herein the allegations contained in paragraphs one (1) through forty-one (41) as if set forth fully herein.

43. That the said collision was caused by and did result from the recklessness, carelessness and negligence of the Defendant, Marvin Windows Of Tennessee, Inc., acting by and through its agent, servant and/or employee, the Defendant, Kenneth Lussier, and operating the vehicle with permission of Defendant, Marvin Windows Of Tennessee, Inc., including, but not limited to the following acts or omissions:

      a.     in failing to keep said motor vehicle under proper control;

      b.     in failing to keep a proper lookout;

      c.     in failing to exercise ordinary care to avoid an accident;

      d.     in failing to yield the right of way to another vehicle;

GB IA Recv 2020080305215

  e.  in failing to obey a traffic control device;

  f.  in traveling at an excessive rate of speed for the conditions there and then existing; and,

  g.  in failing to use the highest degree of care consistent with its undertaking as a common carrier.

44. And the said Defendants, Marvin Windows Of Tennessee, Inc. and Kenneth Lussier, and each of them, were otherwise reckless, careless and negligent.

45. That at all times relevant hereto the Plaintiff, Farouk Dawson, exercised due care for his/her own safety.

46. That as a result of the collision aforesaid, the Plaintiff's automobile was extensively damaged.

47. That as a result of the collision aforesaid, the said Plaintiff, Farouk Dawson, was thrown forcibly and violently around and about in the said motor vehicle and:

  a.  was thereby caused to sustain serious and permanent injuries to his/her head, neck, body and limbs;

  b.  was and will be caused to suffer great physical pain and mental anguish;

  c.  suffered shock to his/her nerves and nervous system;

  d.  was and will be required to obtain the care and treatment of hospitals and physicians for his/her injuries at considerable expense;

  e.  was and will be unable to engage in his/her occupation for a period of time, thereby losing considerable income; and,

  f.  was and will be unable to engage in those duties, activities and pursuits for which he/she was and is otherwise qualified.

48. That as a result of the collision aforesaid the said Plaintiff, Farouk Dawson, was, is and will be otherwise hurt, injured and damaged.

WHEREFORE, this suit is brought and the Plaintiff, Farouk Dawson, claims as damages the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

GB IA Recv 2020080305215

## COUNT VI
(Farouk Dawson vs. Kenneth Lussier)

Farouk Dawson, Plaintiff, sues Kenneth Lussier, Defendant.

49. That the Plaintiff, Farouk Dawson, hereby incorporates by reference herein the allegations contained in paragraphs one (1) through forty-eight (48) as if set forth fully herein.

50. That at all times relevant hereto, the individual Defendant, Kenneth Lussier, was acting as the agent, servant and/or employee of the Defendants, Sandy Olson and Marvin Windows Of Tennessee, Inc., and was permissively operating said vehicle.

51. That the said collision was caused by and did result from the recklessness and carelessness of the Defendant, Kenneth Lussier, acting as the agent, servant and/or employee of Defendants, Sandy Olson and Marvin Windows of Tennessee, Inc., as well as permissively driving the vehicle belonging to the Defendants, Sandy Olson and Marvin Windows , including but not limited to the following acts or omissions:

      a.      in failing to keep said motor vehicle under proper control;

      b.      in failing to keep a proper lookout;

      c.      in failing to exercise ordinary care to avoid an accident;

      d.      in failing to yield the right of way to another vehicle;

      e.      in failing to obey a traffic control device;

      f.      in traveling at an excessive rate of speed for the conditions there and then existing; and,

      g.      in failing to use the highest degree of care consistent with its undertaking as a common carrier.

52. And the said Defendants, and each of them, were otherwise reckless, careless and negligent.

53. That at all times relevant hereto the Plaintiff, Farouk Dawson, exercised due care for his/her own safety.

GB IA Recv 2020080305215

54. That as a result of the collision aforesaid, the said Plaintiff, Farouk Dawson, was thrown forcibly and violently around and about in the said motor vehicle and:

   a. was thereby caused to sustain serious and permanent injuries to his/her head, neck, body and limbs;

   b. was and will be caused to suffer great physical pain and mental anguish;

   c. suffered shock to his/her nerves and nervous system;

   d. was and will be required to obtain the care and treatment of hospitals and physicians for his/her injuries at considerable expense;

   e. was and will be unable to engage in his/her occupation for a period of time, thereby losing considerable income; and,

   f. was and will be unable to engage in those duties, activities and pursuits for which he/she was and is otherwise qualified.

55. That as a result of the collision aforesaid, the Plaintiff's automobile was extensively damaged.

56. That as a result of the collision aforesaid the said Plaintiff, Fraouk Dawson, was, is and will be otherwise hurt, injured and damaged.

WHEREFORE, this suit is brought and the Plaintiff, Farouk Dawson, claims as damages the sum of Two Hundred and Fifty Thousand Dollars ($250,000.00).

Respectfully submitted,

DAVID R. SOLOMON, ESQ.
CPF No.: 8105010233
One N. Charles St., Suite 2425
Baltimore, Maryland 21201
Phone No.: 410-244-8822
Fax No. : 410-625-1028
drsolomonlaw@gmail.com
Attorney for Plaintiff(s)

12

GB IA Recv 2020080305215

## ELECTION FOR JURY TRIAL

Plaintiff(s), Feroze Dawson and Farouk Dawson, by and through his/her/their attorney, David R. Solomon, Esquire, pursuant to Md. Rule 2-325(a), demand a trial by jury.

DAVID R. SOLOMON, ESQ.
One North Charles Street
Suite 2425
Baltimore, Maryland 21201
Phone No.: 410-244-8822
Fax No.   : 410-625-1028
drsolomonlaw@gmail.com
Attorney for Plaintiff(s)

13

IN THE CIRCUIT COURT FOR Baltimore City
                              (City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF ☐DEFENDANT    CASE NUMBER _____ (Clerk to insert)

CASE NAME: Feroze Dawson & Farouk Dawson    vs.    Sandy Olson, et al.
                    Plaintiff                              Defendant

PARTY'S NAME: Feroze Dawson/Farouk Dawson    PHONE:

PARTY'S ADDRESS: 1022 W. Viking Ct., Abingdon, MD 21109/33230 Joann Lane, Fallston, MD 21047

PARTY'S E-MAIL: N/A

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: David R. Solomon, Esquire    PHONE: 410-244-8822
PARTY'S ATTORNEY'S ADDRESS: One North Charles Street, Suite 2425, Baltimore, MD 21201
PARTY'S ATTORNEY'S E-MAIL: drsolomonlaw@gmail.com

JURY DEMAND? ☒Yes ☐No
RELATED CASE PENDING? ☐Yes ☒No If yes, Case #(s), if known:
ANTICIPATED LENGTH OF TRIAL?: _____ hours  1-2 days

### PLEADING TYPE

New Case: ☒ Original    ☐ Administrative Appeal    ☐ Appeal
Existing Case: ☐ Post-Judgment    ☐ Amendment
*If filing in an existing case*, skip Case Category/Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☒ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)    Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

☐ Abatement          ☐ Earnings Withholding   ☐ Judgment-Interest       ☐ Return of Property
☐ Administrative Action ☐ Enrollment          ☐ Judgment-Summary        ☐ Sale of Property
☐ Appointment of Receiver ☐ Expungement        ☐ Liability               ☐ Specific Performance
☐ Arbitration        ☐ Findings of Fact       ☐ Oral Examination        ☐ Writ-Error Coram Nobis
☐ Asset Determination ☐ Foreclosure           ☐ Order                   ☐ Writ-Execution
☐ Attachment b/f Judgment ☐ Injunction        ☐ Ownership of Property   ☐ Writ-Garnish Property
☐ Cease & Desist Order ☐ Judgment-Affidavit   ☐ Partition of Property   ☐ Writ-Garnish Wages
☐ Condemn Bldg       ☐ Judgment-Attorney Fees ☐ Peace Order             ☐ Writ-Habeas Corpus
☐ Contempt           ☐ Judgment-Confessed     ☐ Possession              ☐ Writ-Mandamus
☐ Court Costs/Fees   ☐ Judgment-Consent       ☐ Production of Records   ☐ Writ-Possession
☐ Damages-Compensatory ☐ Judgment-Declaratory ☐ Quarantine/Isolation Order
☐ Damages-Punitive   ☐ Judgment-Default       ☐ Reinstatement of Employment

*If you indicated Liability above*, mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute.  ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000      ☒ $10,000 - $30,000      ☐ $30,000 - $100,000      ☐ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation      ☐ Yes   ☐ No         C. Settlement Conference   ☒ Yes   ☐ No
B. Arbitration    ☐ Yes   ☐ No         D. Neutral Evaluation      ☐ Yes   ☐ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL. *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less        ☐ 3 days of trial time
☐ 1 day of trial time             ☐ More than 3 days of trial time
☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ Expedited- Trial within 7 months of Defendant's response      ☒ Standard - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

CC-DCM-002 (Rev. 04/2017)          Page 2 of 3

GB IA Recv 2020080305215

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ Expedited - Trial within 7 months of Defendant's response

☐ Standard - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☒ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff............................ |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

07/27/2020
Date

One North Charles Street, Suite 2425
Address

Baltimore     MD     21201
City          State  Zip Code

Signature of Counsel / Party

David R. Solomon, Esquire
Printed Name

CC-DCM-002 (Rev. 04/2017)            Page 3 of 3

GB IA Recv 2020080305215